# IN THE MATTER OF THE ESTATE OF JAMES LOVE.

## APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED APRIL 30, 1906.     DECIDED MAY 17, 1906.

### FREAR, C.J., HARTWELL AND WILDER, JJ.

TRUSTEE—*counsel fee of paid by whom.*

> Under a trust deed authorizing a trustee to pay all charges and
> expenses connected with the property conveyed, and directing it
> to pay the net income to L. for life, remainder to L., Jr., and
> H., an order allowing the trustee to deduct out of the income an
> attorney's fee of $100 for services in connection with an applica-
> tion by L. for an allowance of $600 in addition to the net income,
> L. admitting that the fee is not unreasonable and that the trustee
> should not be required to pay the fee out of its own funds, is
> affirmed.

### OPINION OF THE COURT BY WILDER, J.

This is an appeal from an order authorizing the Henry
Waterhouse Trust Co., Ltd., the trustee under a certain deed
of trust executed by James Love on August 28, 1901, to deduct
and pay out of any funds in its hands, being income on the
property belonging to the estate of James Love, an attorney's
fee of $100 for services in connection with a petition filed by
James Love for an allowance of $600 in addition to the net
income. After the petition was filed various proceedings were
had, terminating in the overruling of a demurrer by James
Love to a plea in abatement by Annie K. Hart and James
Love, Jr. The plea in abatement set up the pendency of an
appeal in the case of *Love v. Love,* ante, 206, which was a suit
to cancel the trust deed referred to.

That the amount of the fee is not unreasonable and that the
trustee should not be required to make the payment out of its
own funds are propositions that are admitted by the appellant.

It is contended by him, however, that the fee should be paid out of the principal and not out of the income of the estate, and that is the sole question to decide. He claims that as the benefit of these proceedings inured solely to Annie K. Hart and James Love, Jr., the ultimate beneficiaries, they should be required to pay the fee of the attorney for the trustee, that is, that it should come out of the principal rather than the income of the estate. On the other hand, the appellee contends that, as this is an ordinary expense of administration, it should be paid out of the income rather than the principal, especially as the one entitled to the income was the moving party and caused the expense.

The trust deed in question conveys certain property to Annie K. Hart and James Love, Jr., certain other property to Annie L. Roe, and what is now referred to as the balance of the estate of James Love to a trustee who was to have the sole management and control of it with power to collect the rents, issues and profits thereof and pay all "charges and expenses connected with the said property"; to sell certain of the property on certain conditions, to invest proceeds of sale, and to vary such investments; and, finally, to "pay the net income, rents, issues and profits from the said property and investments to the said James Love for life," and upon the death of James Love to convey the property and its proceeds or the investments to Annie K. Hart and James Love, Jr.

In *Love v. Love,* ante, 206, it was held that the claims of James Love (1) that the trust is void for indefiniteness, ambiguity and uncertainty, or (2) that the conveyance is a testamentary disposition of property, or (3) that the conveyance is revocable upon the alleged facts, cannot be sustained. It is claimed that in this proceeding is a showing of facts, in addition to those set out in that case, which might, on the strength of these additional facts, entitle James Love to revoke and cancel the trust deed, and for that reason this attorney's fee should be charged to the principal and not to the income. But these additional facts cannot be considered in this connection because this is not a suit to revoke the trust deed. Certainly in this

proceeding the trust deed cannot be revoked and canceled whatever the facts are, and it is difficult to see how the court can do indirectly what it cannot do directly.

So we come back to the main proposition, namely, whether the principal or the income of the estate should stand this attorney's fee. That under ordinary circumstances the fee is a charge or expense in connection with the property, which the trustee is expressly authorized to pay, and, under the terms of the trust deed, to pay out of the income of the estate, would probably not be denied. But because this proceeding inured solely to the benefit of others than James Love he says that those others should pay the fee. That might be so from an equitable standpoint, were it not for the fact that James Love himself was the moving party in the matter and caused the expense in question. Had James Love made no attempt to secure a part of the principal of the estate, this expense would not have been incurred, and he could also have avoided the whole expense by bringing in all the necessary parties at the beginning of the proceeding.

On the whole, we cannot find that this fee for the trustee's counsel should be paid out of the principal of the estate. As pointed out in *Wordin's Appeal,* 71 Conn. 531, evidence would have been pertinent to show that the expense should not have been incurred at all or at least should not have amounted to as much as $100, but none such was offered.

The order appealed from is affirmed.

*H. E. Highton* for James Love.

*A. G. M. Robertson* for trustee.